### FRAZAR v. BOX et al.

(Court of Civil Appeals of Texas. San Antonio. June 14, 1911. Rehearing Denied June 29, 1911.)

APPEAL AND ERROR (§ 1001*)—REVERSAL—CONCLUSIVENESS OF VERDICT.

Where questions of fact are properly submitted to the jury, it is not within the province of the appellate court to disturb a verdict upon reasonably sufficient evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922–3934; Dec. Dig. § 1001.*]

Appeal from Clay County Court; S. A. Denny, Judge..

Action by J. A. Frazar against A. M. Box and another, in which defendant Box filed a plea in reconvention against the plaintiff for wrongfully suing out a distress warrant and having his property seized thereunder. Judgment for defendants as against the plaintiff,· and judgment for defendant Box on his cross-action, and plaintiff appeals. Affirmed.

J. C. Chesnutt and Wantland & Parish, for appellant. Taylor & Jones, Leslie Humphrey, and P. M. Stine, for appellees.

NEILL, J. The appellee Box was a tenant on the land of Frazar for the year 1909, under a contract to plant and cultivate 20 acres in corn and 80 in cotton, according to which Frazar was to have one-third of the corn, to be gathered as soon as it matured and delivered in his crib on the farm, and one-fourth of the cotton, to be gathered as soon as opened and ginned at Henrietta or Jolly, and then sold at Henrietta and proceeds divided, upon the sale of each bale, be-

tween them, one-fourth to go to Frazar and three-fourths to Box. Box, not having sufficient teams to cultivate the crop to be planted and raised on the land, bought a span of mules from Frazar for $250; and on February 19, 1909, executed to Frazar his promissory note for the purchase-money payable on the 15th of the following October, with interest from date at 10 per cent. per annum, and an additional 10 per cent. on amount due on the note as attorney's fees if placed in the hands of an attorney for collection. At the same time, and as a part of the transaction, Box executed to Frazar a mortgage on the two mules to secure him in the payment of the note given for the purchase money. The mortgage contains this proviso: "Provided that, if Mr. Box should not make sufficient crop to pay for the above mules, he will pay $30 rent for the use of same and return the mules to Mr. Frazar in as good condition as when received. Upon the return of the mules and the payment of $30, this note will be considered paid."

This suit was brought by Frazar against Box on the note and to foreclose the mortgage. A landlord's lien was also asserted on the animals, and on 146 bushels of corn, which was seized by a distress warrant sued out by plaintiff. A landlord's lien was also claimed on seven bales of cotton alleged to have been in the possession of L. B. Gill, who was made a party defendant for the purpose of foreclosing the alleged lien. The defendant Box answered by a general denial, specially pleaded that he did not raise sufficient crop to pay for the mules, and that he paid plaintiff $30 for their use and returned them to him in as good condition as they were in when he received them. He also filed a plea in reconvention against the plaintiff for wrongfully suing out the distress warrant and having his property seized thereunder. The defendant Gill pleaded a waiver by plaintiff of his landlord's lien on the cotton he had bought from Box, the payment by Box to plaintiff of all the rent due on the premises, and the discharge of the lien asserted by him on the cotton. The case was tried before a jury, and resulted in a judgment in favor of both defendants against the plaintiff, and in a judgment in favor of Box on his cross-action against him for $80.30 damages.

The undisputed evidence shows that the defendant Box had paid plaintiff all the rents due him in accordance with the terms of the lease contract before this suit was instituted. The only controversy is as to whether Box made sufficient crop to pay for the mules, and, if he did not, whether he paid plaintiff $30 for the use of the same and returned them to him in as good condition as when received. These were questions of fact for the jury to determine, and, they having been submitted to them by what we deem a proper charge, and having been decided in defendant's favor, upon evidence reasonably sufficient to support their findings, it is not within our province to disturb the verdict.

Therefore the judgment is affirmed.